■ In the Matter of JUDY COLTON, Individually and as President of Northwest Amherst Residents Association, Inc., et al., Appellants, v TOWN BOARD OF TOWN OF AMHERST et al., Respondents, and CIMINELLI DEVELOPMENT COMPANY, INC., Respondent. [699 NYS2d 498]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered January 16, 2009 in a proceeding pursuant to CPLR article 78. The judgment, insofar as appealed from, granted the motion of respondent Ciminelli Development Company, Inc. to dismiss the petition insofar as it is brought by petitioner Daniel Ward, individually and as a member of Town Board of Town of Amherst.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioners commenced this proceeding pursuant to CPLR article 78 challenging respondents' actions with respect to the proposed development of vacant property in the Town of Amherst (Town). Supreme Court properly granted the motion of respondent Ciminelli Development Company, Inc. to dismiss the petition insofar as it is brought by petitioner Daniel Ward, individually and as a member of the Town Board, a respondent herein. Ward lacks standing to bring this proceeding in his individual capacity as a resident of the Town because "[h]e failed to allege any 'injury that is in some way different from that of the public at large' " (*Matter of Oaks v Town of Phelps*, 55 AD3d 1257 [2008]). In addition, Ward lacks standing to bring this proceeding in his capacity as a member of the Town Board (*see Caruso v New York City Police Dept. Pension*

*Funds, Arts. 1 & 2*, 72 NY2d 568, 574-576 [1988]). The record does not support the contention of Ward that the challenged actions of the Town Board nullified his vote and usurped his power as a Town Board member, thereby providing him with standing (*cf. Silver v Pataki*, 96 NY2d 532, 539-540 [2001], *rearg denied* 96 NY2d 938 [2001]). Rather, Ward is merely a member of the Town Board who voted in the minority with respect to the proposed development, and he thus has not suffered any injury sufficient to provide him with standing (*see Matter of Posner v Rockefeller*, 26 NY2d 970 [1970]). Present—Martoche, J.P., Smith, Peradotto and Green, JJ.